# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **RICHARD J. BENIK,**<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL J. ASTRUE,**<br>**Commissioner of Social Security,**<br><br>Defendant. | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br>Case No. 1:10-cv-0004-PMW<br><br><br>**Magistrate Judge Paul M. Warner** |

Before the court is Richard J. Benik's ("Plaintiff") appeal of Michael J. Astrue's ("Commissioner") final decision denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

## **BACKGROUND**

In 2005, Plaintiff applied for DIB and SSI, alleging a disability onset date of February 15, 2003.[1] Plaintiff's application was denied initially and upon reconsideration.[2] In July 2006,

---

[1] *See* docket no. 6, Administrative Record ("Tr. ____") 48-52, 629-632.

[2] *See* Tr. 37-38.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on April 11, 2008.[4] On May 30, 2008, the ALJ issued a written decision denying Plaintiff's claims.[5] In November 2009, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On January 28, 2010, Plaintiff filed his complaint in this case, which was assigned to District Judge Dee Benson.[7] On April 12, 2010, the Commissioner filed his answer, along with the administrative record.[8] Plaintiff filed his opening brief on June 4, 2010.[9] The Commissioner filed his answer brief on August 11, 2010.[10] On August 26, 2010, Plaintiff filed his reply brief.[11]

On March 28, 2011, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United

---

[3] *See* Tr. 43.

[4] *See* Tr. 638-688.

[5] *See* Tr. 12-35.

[6] *See* Tr. 5-7.

[7] *See* docket no. 3.

[8] *See* docket nos. 4, 6.

[9] *See* docket no. 10.

[10] *See* docket no. 15.

[11] *See* docket no. 16.

States Court of Appeals for the Tenth Circuit.[12] Consequently, the case was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[13]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

---

[12] *See* docket no. 23.

[13] *See id*.

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the

claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that: (1) the ALJ erred in assessing Plaintiff's RFC, (2) the ALJ erred at step five of the sequential evaluation process by providing an incomplete hypothetical to the vocational expert ("VE"), and (3) the ALJ's decision is inconsistent with a later-issued decision that found Plaintiff was disabled. The court will address these arguments in turn.

### I. RFC Assessment

Plaintiff argues that the ALJ erred by failing to include any limitations in Plaintiff's RFC concerning his chest pain and hematuria (blood in the urine). Those arguments fail.

Plaintiff's argument about his chest pain amounts to nothing more than an attempt to selectively reargue the evidence, which is a futile tactic because it is not this court's role to

reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

With respect to Plaintiff's hematuria, Plaintiff is correct that the ALJ did not discuss this condition in the assessment of Plaintiff's RFC. Plaintiff, however, has failed to identify any specific functional limitations that are caused by his hematuria. Accordingly, the court concludes that the ALJ was not required to discuss Plaintiff's hematuria in his assessment of Plaintiff's RFC. *See, e.g.*, *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.").

## II. Step Five

Plaintiff argues that the ALJ erred at step five of the sequential evaluation process by providing an incomplete hypothetical to the VE. As previously noted, at step five of the sequential evaluation process, the burden of proof shifts to the Commissioner, and the ALJ must determine "whether the claimant has the [RFC] . . . to perform other work in the national economy in view of his age, education, and work experience." *Williams*, 844 F.2d at 751; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Plaintiff argues that the Commissioner did not

6

satisfy this burden at step five because the hypothetical posed to the VE did not "relate with precision" all of Plaintiff's limitations. *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quotations and citation omitted).

Plaintiff asserts that in the ALJ's RFC assessment, he found that Plaintiff would need to be allowed the option to use a cane. Plaintiff contends that none of the hypotheticals posed to the VE provided for a cane option. In response, the Commissioner does not dispute that the ALJ failed to include a cane option in any of the hypotheticals. Instead, the Commissioner asserts that the ALJ's failure to include a cane option was harmless error.

The court cannot conclusively find that the ALJ's failure to include a cane option was indeed harmless error. Rather, the court agrees with Plaintiff and concludes that the Commissioner's argument fails in regard to harmless error. By failing to include a cane option in any of the hypotheticals posed to the VE, those hypotheticals did not "relate with precision" all of Plaintiff's limitations. *Id*. (quotations and citation omitted). Accordingly, the ALJ's decision must be reversed on this basis.

### III. Later-Issued Decision

Finally, Plaintiff argues that the ALJ's decision is inconsistent with a later-issued decision that found Plaintiff was disabled. That argument fails.

42 U.S.C. § 405(g), which authorizes judicial review of the Commissioner's decisions, provides:

> As part of the Commissioner's answer[,] the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and

> decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. 405(g). The Tenth Circuit has explained that the court's review of the Commissioner's decision is limited to a consideration of the pleadings and transcript filed by the Commissioner, and that the court shall not consider evidence not in the record certified by the Commissioner. *See Atteberry v. Finch*, 424 F.2d 36, 39 (10th Cir. 1970) ("Court review of the [Commisioner]'s denial of Social Security disability benefits is limited to a consideration of the pleadings and the transcript filed by the [Commissioner] as required by 42 U.S.C. § 405(g). It is not a trial *de novo*. The court is not at liberty to consider evidence not in the record certified by the [Commissioner]." (citations omitted)); *see also Watkins v. Barnhart*, No. 1:03-cv-149-SA, 2004 WL 2381265, at *3 n.1 (D. Utah Oct. 21, 2004).

The later-issued decision on which Plaintiff relies was not included in the certified record. Accordingly, the court cannot consider it in this case.

## **CONCLUSION AND ORDER**

While all of Plaintiff's other arguments fail, the court agrees with Plaintiff's argument that the ALJ erred by providing an incomplete hypothetical to the VE. Accordingly, **IT IS**

**HEREBY ORDERED** that the Commissioner's decision in this case is **REVERSED AND REMANDED** for proceedings consistent with this decision.

**IT IS SO ORDERED**.

DATED this 18th day of July, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge