IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| RICHARD J. BENIK,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 1:10-cv-0004-PMW<br><br>Magistrate Judge Paul M. Warner |

All parties in this case have consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Richard J. Benik's ("Plaintiff") motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 23.

[2] *See* docket no. 26.

## BACKGROUND

In 2005, Plaintiff applied for Disability Insurance Benefits under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f, alleging a disability onset date of February 15, 2003. On May 30, 2008, an administrative law judge ("ALJ") issued a written decision denying Plaintiff's claims. In November 2009, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision Michael J. Astrue's ("Commissioner") final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

Plaintiff filed this case on January 28, 2010, seeking judicial review of the Commissioner's final decision. On July 18, 2011, this court issued a memorandum decision and order ("Order") reversing the Commissioner's decision and remanding the case for further administrative proceedngs.[3]

On October 5, 2011, Plaintiff filed the motion for attorney fees currently before the court. Along with the motion, Plaintiff filed a copy of the attorney fee agreement Plaintiff and his counsel both signed. In that agreement, Plaintiff assigned his right to any EAJA attorney fees to his counsel. The Commissioner opposes Plaintiff's motion.

## ANALYSIS

The EAJA provides for an award of attorney fees and other expenses to a prevailing party, as follows:

---

[3] *See* docket no. 24.

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA further provides that

> [a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

*Id*. § 2412(d)(1)(B).

> [T]he Commissioner ha[s] the burden of proof to show that [his] position was substantially justified. The test for substantial justification in this circuit is one of reasonableness in law and fact. Thus, the [Commissioner's] position must be justified to a degree that could satisfy a reasonable person. The [Commissioner's] position can be justified even though it is not correct.

*Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotations and citations omitted).

Plaintiff argues that he is entitled to an award of $5419.70 for attorney fees pursuant to the EAJA and has included the required itemized statement of fees. Plaintiff asserts that he is the prevailing party and that the position of the Commissioner in this case was not substantially justified. Plaintiff further contends that the fees sought are reasonable. In his reply memorandum, Plaintiff requests additional attorney fees of $665.23 incurred in preparing that reply memorandum and has included the required itemized statement of fees. *See, e.g.*, *Rose-Velasquez v. Astrue*, No. 2:06-cv-297-TS, 2008 U.S. Dist. LEXIS 31329, at *6 (D. Utah Apr. 16, 2008) (unpublished) (determining that an award of fees incurred as a result of the dispute over the amount of proper fees was appropriate). Finally, pursuant to his assignment agreement with his counsel, Plaintiff asserts that the total attorney fee award of $6084.93 should be paid directly to his counsel.

In response, the Commissioner argues that his position in this case was substantially justified. The Commissioner also argues that if attorney fees are to be awarded in this case, they should be awarded directly to Plaintiff, not to Plaintiff's counsel.

The court has determined that the Commissioner's first argument is without merit. While it is true that the Commissioner's position can be justified even if it is not correct, *see Hackett*, 475 F.3d at 1172, the court has determined that principle does not apply here. Instead, the court concludes that the Commissioner's position was not substantially justified. In the Order, the court rejected the Commissioner's harmless error argument concerning the hypothetical provided to the vocational expert. Given that the Commissioner had no substantive argument on that

4

issue, and instead argued only harmless error, the court cannot agree with the Commissioner's assertion that his position was substantially justified.

As to the Commissioner's second argument, the court concludes that any award of EAJA fees must be paid to directly to Plaintiff, rather than to Plaintiff's counsel. This conclusion is consistent with case law from the Tenth Circuit. *See Brown v. Astrue*, 271 Fed. App'x 741, 743 (10th Cir. 2008) (unpublished) ("The district court correctly held that [the plaintiff's] assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him. Thus, the district court correctly declined to award the fees directly to counsel."); *Manning v. Astrue*, 510 F.3d 1246, 1249-55 (10th Cir. 2007) (holding based on statutory language, legislative history, and case law, that an attorney fee award under the EAJA is to the prevailing party and not to the prevailing party's counsel).

Finally, although not challenged by the Commissioner, the court concludes that the attorney fees sought by Plaintiff are reasonable.

Based on the foregoing, Plaintiff's motion for attorney fees pursuant to the EAJA[4] is **GRANTED IN PART** and **DENIED IN PART**. Within thirty (30) days of the date of this

---

[4] *See* docket no. 26.

order, the Commissioner shall Plaintiff an EAJA attorney fee award of $6084.93, but that award shall be payable directly to Plaintiff, not to his counsel.

**IT IS SO ORDERED**.

DATED this 1st day of December, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge